# MARGARET M. TOLAND *v.* STATE BOARD OF EDUCATION

[No. 741, September Term, 1976.]

*Decided March 17, 1977.*

The cause was argued before GILBERT, C. J., and MENCHINE and MOORE, JJ.

*Charles W. Bell* and *Michael J. Ragland,* with whom were *Bell & Ragland, P.A.* on the brief, for appellant.

*Robert S. Bourbon* for appellee.

MOORE, J., delivered the opinion of the Court.

This appeal involves the discharge, pursuant to Md. Code, Art. 77, § 114[1] (1957, 1975 Repl. Vol.), of a Montgomery

---

1. The pertinent provisions of this section are:

"Any county board of education may, on the recommendation of

County schoolteacher as a result of formal action by the Montgomery County Board of Education and the State Board of Education, which was affirmed by the Circuit Court for Montgomery County. The County Board recommended dismissal on grounds of incompetence in the classroom, rejecting the findings and recommendations of its hearing examiner. At the State level, the hearing examiner found that appellant was highly competent as a teacher but that her record of absences justified her discharge, and the State Board of Education adopted his findings and recommendations. Upon appeal to the Circuit Court for Montgomery County, it was found that appellant's absences were, in part, explained by evidence, received for the first time at the judicial hearing and never considered in the prior proceedings, of 49 days' approved leave during the summer vacation period of 1972. Nonetheless, the court held that there was evidence before the State Board of appellant's incompetence as a classroom teacher which justified her discharge, quite apart from the issue of absenteeism. The State Board had, in the court's view, decided the case on "too narrow a premise." It is our conclusion, upon our consideration of the record and of the legal issues involved, that the court erred, and that the proceedings should be remanded to the State agency for consideration of the evidence adduced before the court.

I

Appellant, in her early 40's, has been an elementary schoolteacher since 1956 and entered upon her employment in the Montgomery County School System in 1961, teaching the second through the fourth grades. In 1966, she was assigned to William Tyler Page School in Silver Spring,

---

the county superintendent of schools suspend or dismiss any teacher, principal, supervisor, assistant superintendent, or other professional assistant for immorality, misconduct in office, insubordination, incompetency, or wilful neglect of duty, provided that the charge or charges be stated, in writing, to such person and that such person be given an opportunity to be heard by the said board of education upon not less than 10 days' notice; that such person be allowed to bring counsel and witnesses, if so desired; and provided further that an appeal from the board's decision may be made to the State Board of Education."

where she taught primarily second grade pupils. Periodical evaluations of her teaching ability were extremely favorable until November, 1972, after a new principal had been named to the school in February of that year. In November, 1972, the new principal found appellant "unsatisfactory" in certain evaluation areas and in January, 1973, he placed her on the "Mid-year Report," noting, *inter alia,* "I believe that Miss Toland demonstrates a low level of teaching competence for a person who has 15 years' of experience. . . ." Thereafter, on November 13, 1973, the principal recommended that she be dismissed as a teacher after evaluating her as unsatisfactory in four out of five evaluation areas. The then Superintendent adopted the recommendation of the school principal and the appellant was formally notified of her dismissal on March 26, 1974.[2]

Upon her request for a hearing, the County Board of Education designated Harry J. Lambeth, Esq. as a hearing examiner and proceedings were conducted before him on June 14, 22 and 26, 1974. He filed a 19-page detailed report on July 26, 1974, in which it was found that appellant was "not an incompetent teacher and that she has not been shown to have wilfully neglected her duties." It was the recommendation of the examiner that the Board of Education "reject the recommendation of its Superintendent of Schools; and that the Respondent be reassigned to a new school, preferably one with a more traditional philosophy of education." In the course of the examiner's report, it was noted that testimony was heard briefly from the Superintendent, as well as from the principal and an area supervisor; and that appellant testified in her own behalf. In addition, the hearing examiner stated that "Miss Toland's success as a teacher brought at least ten parents to the hearing to explain how she helped their children."

In August, 1974, in accordance with Board procedures,

---

**2.** Teachers who have served more than two years have a right to continuous tenure and may be removed only for cause. Parker v. Bd. of Educ., 237. F. Supp. 222 (D.Md. 1965), *aff'd,* 348 F. 2d 464 (4th Cir. 1965), *cert. denied,* 382 U. S. 1030 (1966).

counsel for the Superintendent and the teacher presented oral argument to the six-member County Board of Education, one member being absent. In a written decision and order dated September 11, 1974, it was ordered that appellant be dismissed as a teacher in the County School System on grounds of incompetence in accordance with the statute. One of the five members dissented.

An appeal from the Board's decision was duly made to the State Board of Education which appointed Frank A. DeCosta, Esq. as hearing examiner. By agreement of the parties, no additional testimony was given and oral argument was presented on January 14, 1975. After the submission of briefs in February and March, 1975, further oral argument was held before Mr. DeCosta on April 18, 1975. In his findings of fact Mr. DeCosta observed in part:

> "Although the evaluation of Dr. Stufft [the principal] and other administrators clearly indicates that there are a number of areas in which Petitioner can improve her teaching skills and her administrative tasks associated with her classroom teaching responsibilities, this record does not clearly establish that Petitioner either (1) lacks the requisite knowledge required to teach or (2) lacks the ability to impart that knowledge to her students. *On the contrary, this record strongly suggests that Petitioner is a well-trained elementary school teacher possessing exceptional skills as a reading teacher who takes an interest in her students during and after school hours.*" (Emphasis added.)

The examiner went on to point out, however, that "incompetency" may be founded upon grounds other than a teacher's knowledge and teaching skills. In this connection, he referred to appellant's record of absenteeism and stated:

> "As an example, this record reflects that during the school year 1972-73, Petitioner was absent a total of 60 days, and there is expert testimony as to the difficulty of administering a sound and efficient

educational program when regular teachers are frequently absent."

It was the State hearing examiner's conclusion, solely upon the evidence of Miss Toland's absences, that the County Board had "met its admittedly heavy burden in persuasively demonstrating cause for Petitioner's dismissal upon both the ground of 'incompetency' and 'wilful neglect of duty'", *citing, Granderson v. Orleans Parish School Board,* 216 So. 2d 643 (La. App. 1968). The State Board of Education formally adopted the "findings of fact, conclusions of law and recommendations of the hearing examiner in this case" on August 27, 1975.

Miss Toland thereupon appealed, filing an Order for Appeal pursuant to the Administrative Procedure Act, Code, Art. 41, § 244 *et seq.*, and Maryland Rule B2, on September 26, 1975. At the court hearing, with the consent of the parties and in accordance with § 255 (e) of the Act, the court received as an exhibit on behalf of the teacher a printed form employed by Montgomery County Public Schools entitled, "Request for Leave (Short Term)." The form was dated June 5, 1972, signed by the appellant, and requested leave for the period June 19 to August 26, 1972, without salary, with the explanation, "My doctor has requested that I take the summer off to rest — medical reasons." The form contains a recommendation for approval, dated June 5, 1972 and a final approval on June 7, 1972, for 49 days without pay.

With respect to this evidence, the lower court observed:

"The evidence admitted suggests that the petitioner had made a request that she be excused from teaching in the summer session and that this request was orally approved, but that somehow the approval was not properly recorded."

The court went on to state its evaluation of the effect of this new evidence, saying:

"However, we do not believe that such evidence, had it been known to the State Board, would have

justified the State Board in reaching any different conclusion from what it did. There was substantial evidence in the record before the County Board that the petitioner was not a competent classroom teacher, aside from her excessive absenteeism."

And the memorandum opinion then states:

"Looking at the record as a whole, we think the State Board rightfully affirmed the decision and order of the County Board but on too narrow a premise."

Concluding that the opinion of the State Board of Education sustaining appellant's dismissal by the Board of Education of Montgomery County should be affirmed, the court described the scope of its review in the following language:

"Under Article 41, Section 255(g), there are eight factors which this Court should consider in reviewing the decision of the State Board of Education. Essentially, however, only the last three are pertinent to this inquiry. They deal with whether the evidence, including any *de novo* matter, is sufficient to support the decision of the Board or whether that decision was arbitrary or capricious. *In answering these questions, we must bear in mind that it is not the function of this Court to substitute its judgment for that of the Board of Education.* In effect, judicial inquiry is limited to deciding whether, on the record, the State Board could reasonably make the finding it did." (Emphasis added.)

## II

The provisions of Article 41, § 255 (g) pertaining to the scope of judicial review in administrative proceedings, to which the court referred, are as follows:

"(g) *Affirmance, remand, reversal or modifica-*

*tion of decision.* — The court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the petitioners may have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional provisions; or

(2) In excess of the statutory authority or jurisdiction of the agency; or

(3) Made upon unlawful procedure; or

(4) Affected by other error of law; or

(5) Unsupported by competent, material, and substantial evidence in view of the entire record as submitted; or

(6) Against the weight of competent, material and substantial evidence in view of the entire record, as submitted by the agency and including de novo evidence [3] taken in open court; or

(7) Unsupported by the entire record, as submitted by the agency and including de novo evidence taken in open court; or

(8) Arbitrary or capricious."

The trial court succinctly stated the rule of law that a reviewing court may not substitute its judgment for that of the State agency, a proposition which received

---

**3.** The matter of "additional evidence" is governed by § 255 (e) which provides:

"(e) *Additional evidence.* — If, before the date set for hearing, application is made to the court for leave to present additional evidence on the issues in the case, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken in open court or before the agency upon such conditions as the court deems proper. In cases in which the additional evidence is taken before the agency, it may modify its findings and decision by reason of the additional evidence and shall file with the reviewing court, to become a part of the record, the additional evidence, together with any modifications or new findings or decision."

comprehensive study and restatement by Judge Powers of this Court in the recent case of *Commissioner, Baltimore City Police Department v. Cason,* 34 Md. App. 487, 368 A. 2d 1067 (1977). There, a Departmental Board of the Baltimore City Police Department had recommended the discharge of a City Police Sergeant, and the Baltimore Police Commissioner, Donald D. Pomerleau, subsequently ordered that the sergeant be terminated. On appeal, the Baltimore City Court reversed. Upon the subsequent appeal by the Commissioner to this Court, it was held that the Baltimore City Court committed error by the substitution of its assessment of the credibility of witnesses for that of the Trial Board. Judge Powers, in the course of his opinion, pointed out that our consideration of the case had to be based upon the evidence before the Trial Board and not upon the action of the Baltimore City Court "which the appellee, irrelevantly, characterizes as not clearly erroneous." *Id.* at 502. The opinion went on to point out:

> "A reviewing court may, and should, examine any conclusion reached by an agency, to see whether reasoning minds could reasonably reach that conclusion from facts in the record before the agency, by direct proof, or by permissible inference. If the conclusion could be so reached, then it is based upon substantial evidence, and the court has no power to reject that conclusion.

> "A reviewing court may, and should, examine facts found by an agency, to see if there was evidence to support each fact found. If there was evidence of the fact in the record before the agency, no matter how conflicting, or how questionable the credibility of the source of the evidence, the court has no power to substitute its assessment of credibility for that made by the agency, and by doing so, reject the fact." *Id.* at 508.

As the opinion discloses, the City Court on appeal accepted the testimony of the sergeant in his own defense rather than

the testimony of two witnesses who were in effect his accusers. The opinion of this Court concluded:

"It was the responsibility of the Trial Board and solely of the Trial Board, to find the true facts by assessing the credibility of the conflicting evidence on those facts."

In the instant appeal, the State Board hearing examiner recommended the appellant's dismissal solely on the basis of evidence of her absences and it was this recommendation upon which final action was taken by the State Board of Education. The evidence with respect to absences was therefore of critical importance. In this connection, the "*de novo* evidence taken in open court" (§ 255 (g), *supra*) showed that the record before the administrative agency did not contain the request for leave made by the appellant and approved by the local Board in the 1972-73 school year for almost the entire summer vacation period, or a total of 49 days. The importance of this omission is that appellant's leave record for the period 1971 through 1974 should have read:

| School Year | Total Lost |
|-------------|-----------|
| 1971-1972 | 34.0 |
| 1972-1973 | 11.0 |
| 1973-1974 | 6.0 |

Instead, the record before the hearing examiner showed:

| School Year | Total Lost |
|-------------|-----------|
| 1971-1972 | 34.0 |
| 1972-1973 | 60.0 |
| 1973-1974 | 6.0 |

The significance of the corrected record, as appellant points out in her brief, is that the appellant, after being cautioned by her principal with respect to absences of 34 days in the 1971-72 school year, reduced the absences the following year to 11 days and in the subsequent year to 6 days. That this could have been a critical factor in the

evaluation of her appeal by the hearing examiner is evident from the statement in his finding of facts that, "Annual sick leave totalled 17½ to 35 days each year from 1968 to 1974. Petitioner's record reveals 47 days [4] absent without pay in 1972-73 and a total of *60 days 'lost'* during that year." (Emphasis added.)

It is manifest, from the statements of the court below previously quoted, that the judge disregarded the additional evidence relating to absenteeism, and found that there was substantial evidence of record that appellant was not a competent classroom teacher, quite apart from the matter of appellant's absences. This, however, was not the basis for the decision appealed from. The net result is that the reviewing court substituted its judgment twice for that of the agency whose decision was being challenged. First, it decided how the agency would have viewed the new evidence and, second, it decided that the agency's action was correct for reasons not assigned in the order appealed from.

In the exercise of its discretion and, in accordance with the provisions of § 255 (e) heretofore quoted (n. 3), the court should either have had the "additional evidence" received and considered by the State Board of Education or should have remanded the proceedings to the Board for this purpose. The "*de novo* evidence" here involved was not of a merely cumulative nature such as would justify a reviewing court to find that the order appealed from was based upon substantial evidence.[5] On the contrary, this evidence tends to undermine the agency's findings with respect to the sole basis for appellant's dismissal.

It is our judgment that the State Board of Education should, under these circumstances, have the opportunity to evaluate the effect of the evidence received in the court

---

4. It appears, from the appellant's exhibit received below, that this figure should have been 49 instead of 47.

5. In reviewing an agency's action, the reviewing court, in reaching its judgment as to whether there is substantial evidence on the record to support the agency's decision, must consider all of the evidence that was before the agency, as well as any *de novo* evidence. *See* County Federal Savings & Loan Assoc. v. Equitable Savings & Loan Assoc., 261 Md. 246, 274 A. 2d 363 (1971); Code, Art. 41, § 255 (g) (6).

proceedings below in the light of its prior determination that appellant's record of absences justified her dismissal. Accordingly, pursuant to the provisions of Article 41, § 255 (g), we reverse the decision of the trial court and remand for further proceedings.

> *Order appealed from reversed; case remanded to trial court with instructions to remand to State Board of Education for further proceedings; appellee to pay the costs.*