393 So.2d 677 (1981)
STATE of Louisiana
v.
Freddie BIAS.
No. 67803.
Supreme Court of Louisiana.
January 26, 1981.
*678 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leonard K. Knapp, Jr., Dist. Atty., Robert Bryant, Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-appellee.
Wilford Carter, Lake Charles, for defendant-appellant.
DENNIS, Justice.
The issue in this case is whether the district court properly exercised its discretionary powers to exclude the testimony of an undisclosed alibi witness for the defendant under La.C.Cr.P. Art. 727. We hold that the district judge did not properly exercise his discretion and remand the case for an evidentiary hearing on whether the witness should have been excluded.
Defendant, Freddie Bias, was tried and convicted of aggravated rape in violation of La.R.S. 14:42, and sentenced to life imprisonment without benefit of probation, parole or suspension of sentence. On appeal defendant argued five assignments of error. With the exception of assignment number one, the assignments present no reversible merit or new questions of law and are governed by the well-settled legal principles set forth in an unpublished appendix to this opinion.
In accordance with La.C.Cr.P. Art. 727, the attorney for the prosecution made a written demand on defendant for notice of alibi on May 25, 1979. Defendant failed to file a notice of alibi before the commencement of trial on April 9, 1980. After the state's first witness was sworn, but before any testimony was given, the defense counsel gave oral notice to the state that "the defense may offer evidence in this case as far as alibi is concerned, and ... we will supply the state at the first recess any ... evidence we have at this time in connection with any alibi evidence." The state objected, and the trial judge deferred ruling until the next day, when he ruled that the alibi witness would be excluded because the notice had come too late.
Art. 727 provides that if either party fails to comply with the notice requirements of the article, "the court may exclude the testimony of any undisclosed witness offered by such party as to the defendant's absence from ... the scene of the alleged offense." If, however, the notice requirement of the article is not met, "the court may grant an exception ... for good cause shown." La. C.Cr.P. Art. 727. Article 727 is identical to Federal Rule of Criminal Procedure 12.1 and evidently represents a legislative determination to adopt the substance of the federal rule as interpreted by the courts.
It is undisputed that defendant did not comply with the notice provisions of Art. 727. Defendant contends however, that the district court abused its discretion by imposing the sanction of Section D of the article, i. e., exclusion of the testimony of the alibi witness, and further, the court abused its discretion by not granting an exception to the notice requirements of the article because of "good cause shown."
In United States v. Myers, 550 F.2d 1036 (5th Cir., 1977), the Fifth Circuit U.S. Court of Appeals enumerated the factors to be considered in determining whether the trial court properly exercised its discretionary power to exclude the testimony of an undisclosed witness under Section D. The court stated:
[A] district court should consider (1) the amount of prejudice that resulted from the failure to disclose, (2) the reason for nondisclosure, (3) the extent to which the harm caused by nondisclosure was mitigated by subsequent events, (4) the *679 weight of the properly admitted evidence supporting the defendant's guilt, and (5) other relevant factors rising out of the circumstances of the case. Cf., Advisory Committee Notes on rule 16 of the Proposed Rules of Criminal Procedure, 39 FRD 69, 178 (1966). (footnote omitted).
550 F.2d at 1043.
Although Myers involved the failure of the government to comply with the requirements of the notice of alibi rule, these factors are applicable to a case in which the defendant fails to comply. United States v. White, 583 F.2d 899 (6th Cir., 1978).
Accordingly, before a district court may preclude a witness from testifying under Paragraph D of Article 727, it must properly exercise its discretionary powers. Moreover, when the exclusion of a defense witness is being considered, there are constitutional implications which cannot be ignored. The Sixth Amendment of the United States Constitution guarantees that "the accused shall enjoy the right to ... have compulsory process for obtaining witnesses in his favor." The United States Supreme Court has held that the right to compulsory process includes "[t]he right to offer the testimony of witnesses, ... the right to present a defense, the right to present defendant's version of the facts ..." Washington v. Texas, 388 U.S. 14, 19, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 1019 (1967); see also, Art. I, § 16 of the 1974 Const. Whether and to what extent a state may "enforce discovery rules against a defendant who fails to comply, by excluding relevant evidence" has been expressly recognized and left open by the Supreme Court as a question raising Sixth Amendment issues. Wardius v. Oregon, 412 U.S. 470, 472 n. 4, 93 S.Ct. 2208, 2211 n. 4, 37 L.Ed.2d 82, 86 n. 4 (1973); Williams v. Florida, 399 U.S. 78, 83 n. 14, 90 S.Ct. 1893, 1897 n. 14, 26 L.Ed.2d 446, 451 n. 14 (1970).
Our review of the record in the present case convinces us that the district court judge did not properly exercise his discretionary power in excluding the testimony of the defense witness. He applied Art. 727 as a mandatory rule excluding the testimony of an undisclosed alibi witness upon the failure of the defendant to comply with the notice requirement. He did not consider in determining whether to exercise his discretionary power to exclude the testimony of the undisclosed witness whether the prosecution would have been prejudiced by the failure to disclose, and if so, to what extent, the reason for the nondisclosure, the extent to which the harm caused by nondisclosure would have been mitigated by subsequent events, the weight of the properly admitted evidence supporting the defendant's guilt or any other relevant factors arising out of the circumstances of the case.
For the foregoing reasons, we remand this case to the district court for an evidentiary hearing and for the court to consider the enumerated factors and any other relevant factors in determining whether the testimony of the defense witness should have been excluded. Since we find no trial error except that of the failure to properly exercise discretion in excluding the alibi witness, it is not necessary at this time to reverse the conviction and order a new trial, because the error might be eliminated on a proper consideration of the pertinent factors. Cf., State v. Simmons, 328 So.2d 149 (La.1976). We reserve to the trial judge power to grant a new trial should he determine that the testimony of the defense witness should not have been excluded (a matter on the merits of which we express no opinion). If, on the other hand, the trial judge determines, after a hearing, that the defense witness was properly excluded the right to appeal from such ruling is reserved to the defendant. In the absence of such an appeal, the conviction and sentence will be affirmed.
The case is, therefore, remanded to the district court for further proceedings in accordance with this opinion.
REMANDED.

* * * * * *
WATSON, J., dissents from the remand.
LEMMON, J., concurs and assigns reasons.
LEMMON, Justice, concurring.
Because denial of defendant's right to present witnesses is a very sensitive area, I *680 hesitatingly join in the remand in this case, which in effect gives defendant a second chance to establish that the denial constituted an abuse of discretion.
In the trial court defense counsel made no attempt to establish good cause, which the trial judge would have to consider in deciding whether to grant an exception to the time limitations for notifying the district attorney of the intention to present an alibi defense. After the first witness was called, defense counsel merely stated he had just learned "there may be some alibi evidence available". On the following day, when defense counsel made no further effort to establish good cause, the trial judge ruled the notice came too late. Never did defense counsel state for the record the identity of the witness who would give alibi testimony, the nature or import of the evidence, or the reason he had not discovered the evidence earlier. Never (even in this appeal) has the defense offered any factual allegations which would tend to establish a good cause for the granting of an exception to the notice requirement.
Under these circumstances the trial judge did not abuse his discretion, because he was never presented with any facts which may have dictated that he exercise that discretion to admit alibi evidence despite the lack of notice. Nevertheless, since the majority decision does not reverse the conviction and will ultimately insure that defendant had a fair opportunity to present all favorable evidence, I concur in the result. I point out, however, that the evidence to be presented on remand should have been offered contemporaneously with the request that the trial court grant an exception to the notice requirement, and I will be included in the future to review the exercise of discretion solely on the basis of facts contemporaneously presented (or proffered) to the trial court.