# FREDDIE LEE COLTER *v.* STATE OF MARYLAND

[No. 11, September Term, 1983.]

*Decided November 2, 1983.*

The cause was argued before MURPHY, C. J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and·COUCH, JJ.

*Michael R. Braudes, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*Diane G. Goldsmith, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee.

COUCH, J., delivered the opinion of the Court. ELDRIDGE, COLE and DAVIDSON, JJ., concur. ELDRIDGE, J., filed a concuring opinion at page 431 *infra,* in which COLE and DAVIDSON, JJ., concur.

At issue in this appeal is whether the trial judge exercised his discretion in preventing an alibi witness from testifying for the defendant because of a violation of Maryland Rule 741.

Appellant, Freddie Lee Colter, was tried before a jury in the Circuit Court for Prince George's County for robbery, assault with intent to rob, assault and battery, and theft. At trial appellant sought to offer a witness who, in effect, would testify that at the time and place of the commission of the alleged offenses Colter was with him at some other place. The prosecution objected on the basis that while it had given the required designation under Rule 741 d.3., the defendant failed to furnish the identity of the alibi witness until the day before trial. The trial judge ultimately excluded the witness. Colter subsequently was convicted of theft of property having a value in excess of $300.00, and acquitted of the remaining charges. The Court of Special Appeals affirmed

this judgment in an unreported *per curiam* opinion filed October 1, 1982. We granted certiorari to determine whether the trial judge properly exercised his discretion under the circumstances here present.

In light of the issue for determination, little need be said of the facts surrounding the commission of the offense. Suffice it to say that Brenda Skinner, bookkeeper for the Noble News Company, Beltsville, Maryland, was on the way to the bank to make a deposit of company funds. As she was preparing to enter her automobile she was accosted by a man who snatched and took off with a bag containing those funds. She was able to obtain the license number of the automobile in which the thief escaped. The police traced this number to Colter. He was arrested and charged.

The genesis of the issue before us occurred during the trial when the prosecution objected to the defense offer of an alibi witness. The objection was founded on a claimed violation of Rule 741 d.3.,[1] which requires revelation to the State of alibi witnesses under certain circumstances. It appears that it was only the day before trial that the name of the witness was given to the prosecution. After giving the prosecution an opportunity to talk to the witness (who was in the courthouse lockup, but apparently would not talk to the State's Attorney), the trial judge heard argument of counsel and imposed exclusion of the witness as a sanction for the violation of the discovery rule.

Rule 741 g. provides in pertinent part:

---

1. Maryland Rule 741 d.3. states:

"d. *Discovery by the State.*
  Upon the request of the State, the defendant shall:

  \* \* \*

  3. Alibi Witnesses.

  Upon designation by the State of the time, place and date of the alleged occurrence, furnish the name and address of each witness other than the defendant whom the defendant intends to call as a witness to show he was not present at the time, place and date designated by the State in its request."

"If at any time during the proceedings it is brought to the attention of the court that a party has failed to comply with this Rule . . . the court *may* . . . grant a reasonable continuance, prohibit the party from introducing in evidence the matter not disclosed, . . . or enter any other order appropriate under the circumstances. . . ." (Emphasis supplied.)

The rule requires the disclosure of material and information to which a party is entitled in time to permit beneficial use thereof. Obviously, then, the sanction for violation is a matter left to the discretion of the trial judge under the facts of each case.

In *Taliaferro v. State*,[2] 295 Md. 376, 456 A.2d 29, *cert. denied,* 103 S.Ct. 2114, 77 L.Ed.2d 1307 (1983), we stated:

"The Maryland rule, while expressly recognizing exclusion as a possible sanction, does not mandate its imposition. Nor does it specify exclusion as the sanction for violation, in the absence of good cause for not imposing it. Rule 741g leaves the sanction, if any, to the discretion of the trial court. The imposition of an exclusionary sanction against the State or the accused under Rule 741 is circumscribed only by the principle of abuse of discretion and by constitutional limitations, under all of the relevant circumstances." *Id.* at 390, 456 A.2d at 37.

Thus, to determine the issue here involves a two-step process: (1) did the trial judge exercise his discretion; and (2) if so, was there an abuse of that discretion.

Prefatorily we observe that when a court has discretion to act, it must exercise that discretion as that is one of its functions. *See Grow v. Wolcott,* 123 Vt. 490, 194 A.2d 403 (1963). Furthermore, we point out that "judicial discretion" means "that power of decision exercised to the necessary end of awarding justice and based upon reason and law, but for

---

**2.** The trial judge made his ruling in this case before our opinion in *Taliaferro* was filed.

which decision there is no special governing statute or rule." *Saltzgaver v. Saltzgaver,* 182 Md. 624, 635, 35 A.2d 810, 815 (1944) (quoting with approval R. D. Bowers, Judicial Discretion Of Trial Courts (1931)). Implicit in the definition is the concept that judicial discretion applies absent a hard and fast rule. *Anglo-American Grain Co. v. The S/T Mina D'Amico,* 169 F.Supp. 908, 911 (E.D. Va. 1959). *Accord Kujich v. Lillie,* 127 Mont. 125, 260 P.2d 383 (1953); *State v. Wallach,* 353 Mo. 312, 182 S.W.2d 313 (1944) (en banc).

An analysis of the record indicates that the trial judge did not properly exercise the discretion given him under the rule. During the colloquy between the trial judge and defense counsel on this issue, the following occurred:

"THE COURT: Suppose the State of Maryland the day of trial handed up the list of witnesses it intended to call, would you be objecting?

MS. ALDRIDGE [Defense Counsel]: Yes, you'd give a continuance and let them get prepared. No, I mean the reason that she wants —

THE COURT: Quite frankly, I know some judges will do that, but that is not my way of handling it. If the State violates the discovery rule and the defense asks that I suppress the product, I will suppress it. It's always been the way I handled it. I think the rules are supposed to be the same for everybody. What you are suggesting — the only thing that is inhibiting from the point of planning really, you are not calling Lucas to the witness stand. I know you are an appointed public defender. In this case, you are a panel public defender. I also know that there is nothing that you can do about it. You can only use the information that the defendant gives you. I also know Mr. Lucas is now in our lockup because he was somewhat unwilling to appear. I issued a writ of attachment to bring his body before the Court."

Based on the record in this case it appears the trial judge applied a hard and fast rule, of not granting a continuance, whether it was the State or the defendant which was in violation. However, it is clear that Rule 741 provides the trial judge with authority to fashion a sanction other than exclusion, depending on the facts and circumstances of each particular case. In *Taliaferro, supra,* at 390-91, 456 A.2d at 37, we said:

"The exercise of discretion contemplates that the trial court will ordinarily analyze the facts and not act, particularly to exclude, simply on the basis of a violation disclosed by the file. *See Bradford v. State,* 278 So.2d 624 (Fla. 1973) (trial court erred by excluding defense witnesses based solely on the absence of their names from witness list furnished state) and *State v. Bias,* 393 So.2d 677 (La. 1981) (trial court erred by treating statute that made exclusion discretionary as if exclusion were mandatory). In the instant case, the trial court recognized that it had, and was applying, discretion. It heard extensive arguments from both counsel and a proffer of proof before initially ruling to exclude, then took evidence from the accused, and again heard argument from defense counsel before deciding not to disturb its initial ruling.

Under the approach taken by most courts, whether the exclusion of alibi witness testimony is an abuse of discretion turns on the facts of the particular case. Principal among the relevant factors which recur in the opinions are whether the disclosure violation was technical or substantial, the timing of the ultimate disclosure, the reason, if any, for the violation, the degree of prejudice to the parties respectively offering and opposing the evidence, whether any resulting prejudice might be cured by a postponement and, if so, the overall desirability of a continuance. Frequently these factors overlap. They do not lend themselves to a compartmental analysis."

The instant case is distinguishable on its facts from *Taliaferro,* as well as the methodology by which the trial court reached its decision to exclude the witness. Here the trial court engaged counsel in a colloquy to determine why the identity of the alibi witness had not been revealed earlier. However, the court gave scant consideration to the degree of prejudice to the parties, or "whether any resulting prejudice might be cured by a postponement and, if so, the overall desirability of a continuance." *Id.* at 391, 456 A.2d at 37. In *Taliaferro,* on the other hand, the trial court gave thorough consideration to a continuance before rejecting that alternative. The court there considered the fact that the issue arose on Friday, the jury's term of service was ending, and the following Monday was a holiday. We affirmed Taliaferro's conviction, stating:

> "Months before trial in the case *sub judice* Taliaferro knew Rich's identity, his mother's address, and the date of trial and had been asked by counsel about witnesses. Without any justifying excuse, Taliaferro did not disclose Rich as an alibi witness until the close of the State's case in a jury trial. The trial court acted well within the bounds of its discretion in excluding Rich's testimony and in not continuing the case." *Id.* at 398, 456 A.2d at 41.

In the instant case defense counsel had been given the name of the alibi witness early on by the defendant, but counsel was unable to locate the witness until shortly before trial. The trial court did not give the defendant

> " 'the opportunity . . . to put in the record the efforts that the defendant . . . made over a period of whatever time to locate and produce this alibi witness. . . .' " *Id.* at 383, 456 A.2d at 33.

In contrast, the following occurred:

> "MS. ALDRIDGE: We tried. My man went to that house last night to find somebody, and we don't know where to look for Willie Evans. See,

originally, I had been into Washington also to the station trying to locate the manager of the records, and I had gone there twice, so you know I have been trying to find the individual in order to get the data to present to the Court, really. The best I have is this individual who we finally have been able to come up with.

THE COURT: Quite frankly, what it comes down to is this: There certainly has been diligence on the part of counsel for the defense. Now, the question is do I punish the defense team for the defendant's own lack of diligence?

MS. FISHKIND [Prosecutor]: You would certainly do that for the State.

THE COURT: Yes. There is no question I'd do it to the State. You are absolutely right, Ms. Fishkind.

I am sorry, I certainly would do it to the State but —."

Even though the identity of the alibi witness was revealed prior to trial, the trial court never entertained the notion of a continuance. While it may be that the witness would not have been cooperative in talking to the prosecution, a fact which may also have existed had his identity been known well in advance of trial, certainly the prosecution could have done a "record" check in a short period of time. Indeed, there was no discussion as to what the prosecution had done in this regard during the period before trial when it did know of the witness.

In short, we believe the instant case is distinguishable from *Taliaferro*. The trial judge essentially applied Rule 741 as a mandatory rule excluding the testimony of an undisclosed alibi witness upon the failure of the defendant to comply with the notice requirement. He did not consider, in determining whether to exercise his discretionary power, any of the relevant factors set forth in *Taliaferro,* or the alternative sanctions which might have been appropriate

under the circumstances of this case. Accordingly, it is clear that the trial judge did not exercise the discretion granted him under the rule.

> *Judgment of the Court of Special Appeals reversed.*
>
> *Case remanded to that Court with instructions to vacate the judgment of conviction and remand to the Circuit Court for Prince George's County for a new trial.*
>
> *Costs to be paid by Prince George's County.*

*Eldridge, J., concurring:*

I agree with the Court's opinion that this case is distinguishable from *Taliaferro v. State,* 295 Md. 376, 456 A.2d 29, *cert. denied,*   U.S.   , 103 S.Ct. 2114, 77 L.Ed.2d 1307 (1983), and that, under the principles set forth by the majority in *Taliaferro,* the conviction in this case must be overturned. Nevertheless, for the reasons set forth in the dissenting opinion in the *Taliaferro* case, 295 Md. at 393-409, I believe that the Court's opinion in *Taliaferro* should be overruled.

Judges Cole and Davidson have authorized me to state that they concur with the views expressed herein.