ARMSTRONG, Judge.
Before SCHOTT, BARRY and ARMSTRONG, JJ.
The defendant, Malcolm Poole, was charged with and convicted of a violation LSA-R.S. 14:62, relative to the offense of simple burglary. On May 15, 1984 defendant was sentenced to serve ten years at hard labor. On May 21, 1984 defendant’s motion and order of appeal was signed by the Trial Court, and on May 23, 1984 the prosecution filed a multiple bill of information against the defendant. On July 12, 1984 the Trial Court set aside defendant’s original sentence and sentenced him as a second offender to serve ten years at hard labor. On appeal defense counsel argues that the trial court erred in imposing an excessive sentence. Additionally, the defendant has filed a pro se brief in which he asserts that he lacked the mental capacity to proceed to trial.
The record reflects that on September 17, 1983, Kim Martin was walking toward his car, which was located in a parking lot on the corner of Canal and South Liberty Streets, when he saw the defendant get into a Volks wagon and lay down on the seat. The defendant looked like he was trying to hook something underneath the dashboard. The defendant got out of the car and shut the door. He was carrying a brown shoulder bag with what appeared to be a radio bulging through the front. Officer Ronald Netter had observed the defendant in the parking lot with a shiny object in his hand. He saw the defendant enter and then exit the vehicle and start to walk away. He walked up to the defendant and the defendant hit him in the stomach with the shoulder bag. Officer Jimmy Slack drove to the scene and saw the defendant and Officer Nettle struggling. He helped subdue the defendant and then arrested him.
The defendant was searched and a knife was confiscated from his person. A search of the shoulder bag revealed stereo equipment and a woman’s purse that were later identified by the owner.
The defendant took the stand and testified that he saw the brown bag on the ground and picked it up. The police officers came up to him and arrested him.
Our review of the record reveals one error patent. The State filed a multiple bill *1297 of information and the defendant was sentenced as a multiple offender after an order of appeal had been entered by the trial court.
Under the provisions of LSA-C. Cr.P. art. 916 “[t]he jurisdiction of the trial court is divested and that of the appellate court attaches upon the entering of the order of appeal.” The Trial Court in this case, therefore, was without jurisdiction to sentence Poole as a multiple offender. State v. Sharper, 383 So.2d 1248 (La.1980).
Ordinarily, where an enhanced sentence is vacated due to the trial court’s lack of jurisdiction to impose the sentence, the defendant’s original sentence would merely be reinstated. Sharper, supra. In the instant case, however, the sentence originally imposed is near the maximum for simple burglary.[1] Thus, whereas a ten year sentence for simple burglary is approximately one-half the maximum for a second offender, it is near the maximum for a “first” offender. LSA-R.S. 15:529.1. Accordingly, we must examine the defendant’s original sentence to determine if the sentence is excessive.
Because maximum sentences are reserved for the worst offenders, a trial court’s compliance with the sentencing guidelines of LSA-C.Cr.P. art. 894.1 is absolutely essential where a near maximum sentence is imposed. Lacking evidence of the trial court’s compliance with C.Cr.P. art. 894.1, it is difficult if not impossible for this court to effectively review a claim of excessiveness of the sentence.
Prior to sentencing the defendant herein, the trial court stated:
BY THE COURT:
The defendant was convicted by a jury of simple burglary of an automobile. The Court has considered the sentence in light of the Code of Criminal Procedure, Article 894.1 and finds as follows: The defendant is 26 years old and is single. He lists his occupation as grave digger.
He was caught in the act of burglarizing an automobile at 1:30 in the morning. He resisted arrest by hitting the arresting officer in the chest with the stolen property in attempting to escape. A review of the defendant’s criminal history shows at least eight separate arrests for some 19 offenses. His record shows convictions for theft in 1976; simple battery, simple criminal damage to property, and receiving stolen property in 1977; aggravated battery, and resisting an officer, and simple battery in 1980; a simple burglary in 1980; and possession of marijuana in 1983.
In review of the factors set forth in Article 894. ID, it reveals that only two of them apply in this case. The defendant did not contemplate, neither did his conduct cause or threaten serious harm. The Court is convinced by the foregoing that the defendant is in need of correctional treatment which can most effectively be provided by his commitment to an institution.
We find that the trial court satisfactorily complied with art. 894.1. Given the reasons set forth by the trial court, we can not say that the defendant’s sentence is excessive.
In his pro se brief defendant argues for the first time that due to his history of mental illness the trial court erred in allowing him to proceed to trial, and his attorney failed to provide effective assistance of counsel in not raising this issue at trial.
Under the provisions of LSA-C.Cr.P. art. 642 a defendant’s mental capacity to proceed can be raised at any time by the defense, the district attorney or the court. “The court shall order a mental examination of the defendant when it has reason *1298 able ground to doubt the defendant’s mental capacity to proceed.” LSA-C.Cr.P. art. 643.
In the instant case there is nothing in the record to cause this Court to doubt the defendant’s mental capacity to proceed. The record is devoid of either pleadings, testimony or medical records that would support defendant’s claim, and despite defendant’s claim to the contrary, his testimony in both the preliminary hearing and trial does not reflect any apparent incapacity. Accordingly, this argument lacks merit.
As for defendant’s claim of ineffective assistance of counsel based on counsel’s failure to raise the issue of mental capacity, defendant’s remedy is an application for post-conviction relief. State v. Mouton, 327 So.2d 413 (La.1976).
For the foregoing reasons, defendant’s conviction is affirmed. The trial court’s finding and sentencing of the defendant as a second offender is set aside, and his original sentence is reinstated. In the event that defendant is resentenced as a multiple offender subsequent to this appeal, his right to appeal his enhanced sentence is reserved to him.
CONVICTION AFFIRMED, SENTENCE VACATED, ORIGINAL SENTENCE REINSTATED.

. LSA-R.S. 14:62 provides:
Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein, other than as set forth in Section 60.
Whoever commits the crime of simple burglary shall be fined not more than two thousand dollars, imprisoned with or without hard labor for not more than twelve years, or both,