675 A.2d 1018

**MARYLAND STATE RETIREMENT AGENCY,**

**v.**

**Gerardine DELAMBO.**

**No. 1283, Sept. Term, 1995.**

Court of Special Appeals of Maryland.

May 6, 1996.

684

John B. Howard, Jr., Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. and Carls Goldman Katzenberg, Asst. Atty. Gen., on the brief), Baltimore, for appellant.

Nicholas J. Delambo, Baltimore, for appellee.

Argued before MOYLAN, MURPHY and HOLLANDER, JJ.

MURPHY, Judge.

■ Judicial review of administrative action differs from appellate review of a trial court judgment. In the latter context the appellate court will search the record for evidence to support the judgment and will sustain the judgment for a reason plainly appearing on the record whether or not the reason was expressly relied upon by the trial court. However, in judicial review of agency action the court may not uphold the agency order unless it is *sustainable on the agency's findings and for the reason stated by the agency.*

*United Steelworkers v. Bethlehem Steel,* 298 Md. 665, 679, 472 A.2d 62 (1984) (emphasis added).

This appeal from the Circuit Court for Baltimore City presents the question of whether the above stated principle applies to the punishment phase of administrative procedure. We hold that the answer to this question is "yes."

## Background

Gerardine Delambo, appellee, has been a State employee for over 20 years. In 1991, she began working for the Maryland State Retirement Agency. As part of her job, appellee used a personal computer that was "networked" with personal computers of other agency personnel. Computer access to confi-

dential information was protected generally by passwords and other security measures. Unfortunately for appellant, however, some "sensitive" information was not protected.

On September 28, 1993, curious about a pending relocation of appellant's offices, appellee used her computer to "access" the subdirectory of appellant's Executive Director. One of the files that she accessed was a copy of the letter of appointment that had been issued to the new Executive Director. The identity of the new Executive Director had not yet been released and was not supposed to be released until a formal announcement was made. Not realizing that the information was sensitive, appellee revealed the identity of the new Executive Director to two co-workers.

On October 1, 1993, pursuant to subtitle 9 of the State Personnel and Pensions Article,[1] appellee was suspended without pay pending the outcome of charges in which appellant sought her removal from State service. After a February 15, 1994 hearing, an Administrative Law Judge (ALJ) of the Office of Administrative Hearings (OAH) upheld the charges and concluded that "a reasonable person in [appellee's] position would have known that her actions constituted misconduct, even in the absence of an Agency directive ... [so appellee's] exceedingly poor judgement, resulting in her misconduct reflects that she is unfit to hold a position in this agency." Appellee filed exceptions to this ruling, but the Secretary of the Maryland Department of Personnel adopted the ALJ's recommendations.

Appellee then appealed to the Circuit Court for Baltimore City. After an April 14, 1995 hearing, the circuit court concluded

that the decision of the Secretary with regard to the finding that the [appellee] did the acts complained of by the [appellant] is supported by competent, material, and substantial

---

1. Unless otherwise specified, statutory references hereinafter are to Md.Code Ann. (1994 Vol.) State Personnel and Pensions.

evidence and that portion of the decision is not affected by any error of law.

Notwithstanding, this Court finds that the decision to remove [appellee] from her position because her actions made her unfit for the performance of her duties as a procurement officer is not supported by substantial evidence. State Gov't Art. § 10–222(h) provides that the Court may modify the decision of the Secretary of Personnel if any substantial right of [appellee] is prejudiced because a finding is unsupported by competent, material, and substantial evidence in light of the entire record as submitted.

The circuit court modified the punishment portion of the Secretary's decision. Appellee's punishment was thereby reduced to suspension without pay from October 1, 1993 until April 17, 1995. This appeal followed.

### Discussion

■■■ We review agency fact finding using the substantial evidence test. *Dep't of Econ. & Empl. Dev. v. Lilley,* 106 Md.App. 744, 754, 666 A.2d 921 (1995); *Dep't of Health and Mental Hygiene v. Reeders Memorial Home, Inc.,* 86 Md.App. 447, 586 A.2d 1295 (1991). When an agency's factual findings are supported by substantial evidence, a reviewing court may not engage in further fact finding and thereby substitute its judgment for that of the agency. *Liberty Nursing Center, Inc. v. Dep't of Health and Mental Hygiene,* 330 Md. 433, 624 A.2d 941 (1993); *Lilley,* 106 Md.App. at 754, 666 A.2d 921. A reviewing court may, however, examine the rationale and conclusions reached by an agency. *Comm'r, Baltimore City Police Dep't v. Cason,* 34 Md.App. 487, 368 A.2d 1067, *cert. den.* 280 Md. 728 (1977); *Toland v. State Bd. of Educ.,* 35 Md.App. 389, 371 A.2d 161 (1977). Judicial review of a decision to fire an employee involves an examination of the agency's "rationale and conclusions."

■■■ Appellant is entitled to impose a number of disciplinary sanctions, including (1) official reprimand, (2) demotion pursuant to § 4–604, (3) suspension without pay pursuant to § 9–

402, and (4) removal pursuant to § 9–201 et. seq. *See also* COMAR 06.01.01.45. Demotion, suspension, and removal of classified employees may only occur for cause, *Frosburg v. State Dep't of Personnel,* 37 Md.App. 18, 26, 375 A.2d 582, *cert. den.* 281 Md. 737 (1977). The rationale behind each sanction is quite different. Demotion must be supported by a written recommendation that includes the specific reasons for the demotion. COMAR 06.01.01.41. Suspension may occur only for misconduct, negligence, inefficiency, insubordination, or other reason satisfactory to the Secretary of Personnel. COMAR 06.01.01.46. Cause for removal, however, requires at least one of the following serious elements:

(1) incompetence or inefficiency;

(2) wanton carelessness or negligence in performing duties;

(3) physical or mental incapacity;

(4) insubordination or violation of lawful, official regulation;

(5) offensive conduct;

(6) taking of gift or fee;

(7) operating a private business when position is full-time;

(8) violation of Title 13 of the State Pensions and Personnel Article [2];

(9) conviction of a crime of moral turpitude;

(10) damaging public property through negligent or wilful conduct;

(11) violation of the Corrupt Practices Act; (12) making a false statement;

---

**2.** Such serious violations include impersonating another in an examination; interference with the examination rights of others; falsifying an examination grade, result or standing; deception by the applicant; giving special information to affect a rating; use of influence to secure an appointment; threats or coercion; as well as assisting another to commit a prohibited act. Md.Code Ann. (1994 Vol.) State Personnel and Pensions § 13–101 et. seq.

(13) conduct which brings classified service into public disrepute; and

(14) use of irregular information or improper influence to obtain a position.

*See* COMAR 06.01.01.47. Thus, the conduct constituting cause for removal is both specific and extreme in character. Proceedings for demotion or suspension differ from proceedings in which the agency seeks termination. When the agency contends that the charges are serious enough to warrant removal, once the factual bases for those charges have been established, the ALJ must then recommend that the Secretary

(a) restore the employee, or

(b) suspend the employee without pay, or

(c) demote the employee, or

(d) remove the employee from the position and from classified service, or

(e) take other appropriate action

COMAR 06.01.01.61. A written decision must be submitted regardless of what sanction is imposed. *Id.*

In this case, the ALJ found that appellee's actions constituted (ordinary) "misconduct." That factual finding was accepted by the agency and is hereby affirmed. The ALJ then recommended that removal of appellee was the appropriate sanction under the circumstances. That recommendation was also accepted by the agency, but cannot be affirmed on the record before us.

▬▬▬ On the issue of punishment, the administrative agency has discretion to impose remedies and penalties. COMAR 06.01.01.61. Trial judges must exercise discretion when required to do so. *Colter v. State,* 297 Md. 423, 430–431, 466 A.2d 1286 (1983); *Hart v. Miller,* 65 Md.App. 620, 625–626, 501 A.2d 872 (1985). Administrative agencies must also exercise discretion when required to do so. *See Md. State Police v. Zeigler,* 330 Md. 540, 554–558, 625 A.2d 914 (1993); *Lilley,* 106 Md.App. at 758–760, 666 A.2d 921.

■ In this case, appellant failed adequately to articulate why removal of appellee was an appropriate exercise of discretion. Instead, appellant merely adopted the ALJ's finding that appellee's "exceedingly poor judgment, resulting in her misconduct reflects that she is unfit to hold a position in this agency." There is no indication that either the ALJ or the Secretary (1) considered any of the other relevant factors that must be considered in determining the severity of appellee's punishment, or (2) considered imposing any of the alternative sanctions that might have been appropriate under the circumstances. *Cf., Colter, supra,* 297 Md. at 430–431, 466 A.2d 1286.

■ For all that appears in the record before us, appellee was fired because she could be fired. We cannot determine what—if any—consideration was given to appellee's (1) overall employment history in State service, (2) attendance record during that period of time, (3) disciplinary record at the present agency and at other State agencies as well, (4) work habits, and (5) relations with fellow employees and supervisors. All these factors should have been considered by the ALJ and the Secretary. Appropriate consideration should also have been given to making "the punishment fit the crime." In this regard, appellant was fired for violating a **subsequently** enacted regulation that now expressly prohibits the conduct at issue, and appellee's "misconduct" was made possible by the absence of safeguards that would have easily prevented her from accessing the "sensitive" information. Neither the ALJ nor the Secretary has given consideration to either of these facts in a way that permits judicial review. As neither this court nor the circuit court can substitute its judgment for that of the agency, a remand to the agency is necessary.[3]

---

3. The circuit court has statutory authority to "modify" the agency's order. Md.Code Ann. State Gov't Art. § 10–222(h)(3). The court does not, however, have "the power to replace the agency's order with an entirely different one." *Howard County v. Davidsonville Civic Ass'n,* 72 Md.App. 19, 49, 527 A.2d 772 (1987).

The agency must prepare findings of fact and conclusions of law that are adequate for judicial review. *Redden v. Montgomery County,* 270 Md. 668, 685, 313 A.2d 481 (1974). Consistent with the example contained in *Redden,* we recommend that the agency's "bottom line" sanction be accompanied by a statement that explains (1) precisely what (written or unwritten) law, procedure, rule or regulation has been violated by the employee; and (2) why the agency has decided against imposing any of the other sanctions that it has discretion to impose, i.e., why, under the circumstances, the punishment "fits" the misconduct.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY VACATED; CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO REMAND THE CASE TO THE ADMINISTRATIVE AGENCY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION; COSTS TO BE PAID 50% BY APPELLANT AND 50% BY APPELLEE.**