PER CURIAM.
Upon review of the record on appeal and after due consideration of the briefs and oral argument we are constrained to hold that reversible error occurred when defendant’s claim of alibi and witness list in support thereof were excluded by the trial court without first inquiring into the surrounding circumstances. Barnes v. State, 294 So.2d 679 (Fla.App.1974); Bell v. State, 287 So.2d 717, (Fla.App.2d 1974); Williams v. State, 264 So.2d 106 (Fla.App. 4th 1972). Any inquiry into a party’s failure to comply with Rule 3.200 FRCrP, should at least cover such questions whether the violation was inadvertent or willful, whether the violation was trivial or substantial, and most importantly what effect, if any, it had upon the ability of the other party to properly prepare for trial, i.e. prejudice or surprise. Barnes v. State, supra. A review of the totality of the circumstances of this case necessitates that the cause be reversed and remanded for a new trial. The issue is neither the trial court’s authority to impose sanctions nor waive non-compliance; but, rather, the necessity to first make an adequate inquiry into the circumstances surrounding noncompliance before discretion is exercised.
For the foregoing reasons the cause is reversed and remanded.
WALDEN, C. J., MAGER, J., and RUD-NICK, VAUGHN, J., Associate Judge, concur.