149 N.J. Super. 259 (1977)
373 A.2d 700
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ELIJAH MITCHELL, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 14, 1977.
Decided April 22, 1977.
*260 Before Judges FRITZ, ARD and PRESSLER.
Mr. Stanley C. Van Ness, Public Defender, attorney for the appellant (Mr. Raymond R. Beam, Jr., Designated Counsel, of counsel and on the brief).
*261 Mr. Joseph P. Lordi, Essex County Prosecutor, attorney for the respondent (Ms. Patricia J. Arons, Assistant Prosecutor, of counsel and on the brief).
PER CURIAM.
The single question involved in this appeal is whether the trial judge erred in denying defendant's request to present an alibi defense because of his failure to comply with R. 3:11-1.
On June 24, 1974 defendant was arraigned and entered a plea of not guilty to the charge of armed robbery. On the same day the State demanded a bill of particulars of defendant under R. 3:11-1, which reads in pertinent part as follows:
If a defendant intends to rely in any way on an alibi, he shall, on written demand of the prosecuting attorney and within 10 days thereafter, furnish a written bill of particulars, signed by him, stating the specific place or places at which he claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon whom he intends to rely to establish such alibi. * * *
Thereafter, by letter dated November 5, 1974, the attorney then representing defendant advised the prosecutor of defendant's intention to rely on the defense of alibi, listed the places he could have been at the time of the commission of the crime and submitted the names of three people he asserted would corroborate the alibi.
On April 28, 1975, almost six months after the notice of alibi was submitted to the Prosecutor's Office, the trial commenced. Immediately after the jury selection, the prosecutor moved to strike the alibi defense because of the aforementioned late notice pursuant to R. 3:11-1 and R. 3:11-2. The latter rule provides:
If such bill of particulars is not furnished as required, the court may refuse to allow the party in default to present witnesses at trial as to defendant's absence from or presence at the scene of the alleged offense, or make such other order or grant such adjournment as the interest of justice requires.
*262 The judge granted the State's motion because of late notice. Later on during the first day of trial, defendant requested the judge to reconsider its earlier ruling with respect to the defense of alibi. After considerable colloquy the judge denied the request stating defendant's notice to the prosecutor was untimely and that the interest of justice would not be promoted by any delay of the trial while an appropriate investigation was made by the prosecutor's office.
In asserting the defense of alibi a defendant is alleging he was elsewhere at the time the crime was committed and therefore could not commit it. If predicated upon credible testimony, few defenses have greater potential for creating a reasonable doubt as to defendant's guilt in the minds of the jury. To strip a defendant of such a defense is an extremely severe sanction. In State v. Baldwin, 47 N.J. 379 (1966), cert. den. 385 U.S. 980, 87 S.Ct. 527, 17 L.Ed.2d 442 (1966), the late Chief Justice Weintraub, in discussing alibi stated:
* * * In calling upon a defendant to reveal a claim of that kind before trial, our rule is designed "to avoid surprise at trial by the sudden introduction of a factual claim which cannot be investigated unless the trial is recessed to that end." State v. Garvin, 44 N.J. 268, 272-273 (1965). Our rule replaced a statute, R.S. 2:190-7, adopted in 1934. As the statement annexed to the legislative bill recited, the purpose of that act was "to do away with the existing unfairness in criminal trials of a surprise alibi and at the same time to give defendant equivalent information as to the State's case." [at 388]
The salutary purpose of the rule is obvious. An eleventh hour claim of alibi made in the course of trial disables the State from properly investigating the validity of the claim. Under such circumstances we do not question the court's authority to deny the defense. However, in the instant case, the State had almost six months notice of the defense. Not by the furthest stretch of the imagination can we discern the State being disadvantaged. *263 The language of R. 3:11-2, "or make such other order or grant such adjournment as the interest of justice requires," recognizes that the suppression of the defense may not be the most appropriate way to handle all infractions of R. 3:11-1.
In State v. Harris, 117 N.J. Super. 83 (App. Div. 1971), certif. den. 63 N.J. 557 (1973), it was stated that the trial judge should have permitted defendant's alibi witness to testify even though defendant had not formally complied with the disclosure requirements of the rule since the State had been made aware both of the witness' identity and the possibility of defendant's reliance on her testimony. We deem the circumstances in the instant case to be less aggravated than the facts of State v. Harris, supra. Here we have a categorical intention to rely on alibi, whereas in Harris the notice constituted a letter to the prosecutor indicating defendant "might" rely on alibi.
In addition, we question the timeliness of the State's objection. Having been notified in November of defendant's intention to assert an alibi, the State waited until after the commencement of trial to object. In effect, defendant was lulled into believing the State had no objection, and therefore defendant was not put on notice to make application prior to trial for a resolution of the dispute. As the trial judge stated during trial, had he received such an application prior to trial, he would have allowed the defense. As a matter of fact, he indicated that he would have granted an adjournment had he been so advised even the day before the trial. His decision to grant the State's motion to suppress the defense was motivated in part by a reluctance to delay the trial and ask the jury to wait on the State's investigation. All of this could have been avoided by a pretrial indication on the part of the State that it considered the alibi notice to be out of time. Defendant was understandably lulled into believing there was no objection to the notice of November 1974.
*264 We are satisfied that the failure on the part of defendant to comply with R. 3:11-1 did not result in unfair surprise to the State, and consequently the State was not prejudiced. Under the circumstances, we must conclude that the trial judge abused his discretion in excluding the above mentioned testimony.
Furthermore, the record does not permit us to conclude that the loss of defendant's alibi evidence did not prejudice his case. In Harris, supra, the court reasoned that the alibi witness could not have reasonably exculpated defendant and concluded that the exclusion was not reversible error. Under the circumstances of this case, we cannot reach the same conclusion.
Reversed and remanded for a new trial.