# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5485-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

J.P.G.,

     Defendant-Appellant.

_____

Submitted September 19, 2019 – Decided September 26, 2019

Before Judges Alvarez and Suter.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 10-11-2712.

Joseph E. Krakora, Public Defender, attorney for appellant (Lee March Grayson, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Stephen Anthony Pogany, Special Deputy Attorney General, Acting Assistant Prosecutor, on the brief).

PER CURIAM

Defendant J.P.G. appeals the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. For reasons that follow, we affirm.

I

This case arises from the sexual assault by defendant of his twenty-one year old niece, A.R., that occurred early in the morning of August 1, 2010. Our unreported opinion described the assault. See State v. J.P.G., No. A-1978-12 (App. Div. June 2, 2015).

Defendant was convicted in 2011 of second-degree sexual assault, N.J.S.A. 2C:14-2(c)(1), and third-degree criminal sexual contact, N.J.S.A. 2C:14-3(b). He was sentenced to nine years and six months in prison on the sexual assault charge.[1] Defendant appealed and we affirmed his conviction and sentence. J.P.G., slip op. at 2. We rejected defendant's argument that the trial court deprived him of his right to testify by not granting him additional time to make this election. We also rejected his claim that his sentence was excessive because the trial court did not find applicable mitigating factor four based on his

---

[1] Defendant was resentenced in 2013, to correct his sentence to reflect a period of parole ineligibility under the No-Early Release Act, N.J.S.A. 2C:43-7.2. He was sentenced to parole supervision, N.J.S.A. 2C:43-6.4 and was required to register as a sex offender, N.J.S.A. 2C:7-2. Defendant was sentenced to three years in prison on the sexual contact count to be served concurrently.

alleged mental health issues. Id. at 9. The Supreme Court denied his petition for certification. State v. J.P.G., 223 N.J. 283 (2015).

Defendant filed his first PCR petition in December 2015, alleging ineffective assistance of his trial counsel. His PCR counsel filed an additional brief and certification from defendant in support of the petition.

The PCR court denied defendant's petition in December 2016 without an evidentiary hearing. It rejected his claims about a diminished capacity defense, possible alibi witnesses and non-waiver of his right to testify.[2]

Defendant presents the following issues for our consideration in his appeal:

> POINT I
>
> THE ORDER DENYING POST-CONVICTION RELIEF SHOULD BE REVERSED AND THE CASE REMANDED FOR A FULL EVIDENTIARY HEARING BECAUSE THE DEFENDANT MADE A PRIMA FACIE SHOWING OF INEFFECTIVE ASSISTANCE OF COUNSEL UNDER THE STRICKLAND/FRITZ TEST.
>
> > A. TRIAL COUNSEL WAS INEFFECTIVE BECAUSE HE DID NOT CONDUCT AN INVESTIGATION OF WITNESSES WHO WERE IN THE

---

[2] Defendant complained his trial attorney was not present at sentencing although he was represented by another attorney. The PCR court rejected his claim. Defendant did not appeal this issue.

A-5485-17T4

RESIDENCE DURING THE TIME THAT THE ALLEGED INCIDENT OCCURRED OR HAVE THEM TESTIFY AT TRIAL.

B. TRIAL COUNSEL WAS INEFFECTIVE BECAUSE HE DID NOT INVESTIGATE OR PURSUE A DIMINISHED CAPACITY DEFENSE.

C. TRIAL COUNSEL WAS INEFFECTIVE BECAUSE HE DID NOT ALLOW THE DEFENDANT TO TESTIFY AND FAILED TO INFORM HIM ABOUT HIS RIGHT OT TESTIFY.

II

The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland v. Washington, 466 U.S. 668 (1984) and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (l987). In order to prevail on an ineffective assistance of counsel claim, defendant must meet a two-prong test by establishing that: (l) counsel's performance was deficient and the errors made were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

4

Defendant contends his trial attorney should have interviewed his wife and son as potential alibi witnesses because they were in the residence on the night of the assault. Based on a memorandum from an investigator to his PCR counsel, defendant contends his wife said that he was asleep in bed on the night in question when she went to bed. She did not hear anything during the night.

"In asserting the defense of alibi a defendant is alleging he was elsewhere at the time the crime was committed and therefore could not commit it." State v. Mitchell, 149 N.J. Super. 259, 262 (App. Div. 1977). There was no evidence that defendant's wife or son could provide an alibi for defendant at the time when the victim says she was assaulted. Defendant's wife told the investigator that she could not say defendant was in bed all night or whether defendant and A.R. had an altercation downstairs. His son was at home, but also was asleep at the time. We agree with the PCR court that defense counsel may well have concluded not to call either witness because neither could provide defendant with an alibi at the time of the assault. Defendant presented no evidence that the assault would have awakened anyone had it occurred.

Defendant contends his attorney should have pursued a diminished capacity defense by having him examined by a psychiatrist. However, a psychiatrist did examine him prior to sentencing. The doctor's report noted that

his mental health symptoms—"depressed, hallucinating, and suicidal"—resulted from the stress of his convictions. There was no indication of a psychosis prior to his conviction or of any mental health condition that would affect his mental capacity. In sentencing defendant, the trial court did not find that mitigating factor four[3] applied because no evidence supported it. We agree with the PCR court that defendant did not demonstrate that a second evaluation would prove diminished capacity existed prior to his conviction.

Defendant contends his trial counsel did not explain that he could testify at trial or permit him to testify. We agree with the PCR court that this claim was procedurally barred under Rule 3:22-5 because it was addressed in defendant's direct appeal where we found no constitutional violation. J.P.G., slip op. at 8. If fact, our review of the transcript of the trial showed that defendant testified he discussed the issue with his attorney and then told the court more than once that he did not want to testify.

Thus, we are satisfied from our review of the record that defendant failed to make a prima facie showing of ineffectiveness of trial counsel within the Strickland/Fritz test. Accordingly, the PCR court correctly concluded that an

---

[3] In sentencing a defendant, the court may consider if "[t]here were substantial grounds tending to excuse or justify the defendant's conduct, though failing to establish a defense." N.J.S.A. 2C:44-1(b)(4).

A-5485-17T4

evidentiary hearing was not warranted.  See State v. Preciose, 129 N.J. 451, 462-63 (1992).

Defendant's further arguments are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION